[Cite as *R.E. Schweitzer Constr. Co. v. Univ. of Cincinnati*, 2010-Ohio-4339.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

R.E. SCHWEITZER CONSTRUCTION CO.

    Plaintiff

    v.

UNIVERSITY OF CINCINNATI

    Defendant
    Case No. 2007-02114

Judge Clark B. Weaver Sr.

JUDGMENT ENTRY

{¶ 1} On May 18, 2010, the court rendered judgment in favor of plaintiff in the amount of $67,731.82. The court further found that plaintiff was entitled to prejudgment interest and the case was subsequently set for hearing to allow the parties to present evidence pursuant to General Condition section 8.9.1 of the contract, which provides that "[t]he rate of any prejudgment interest shall be at the average of the prime rate established at the commercial banks in the City of Cincinnati."

{¶ 2} Defendant asserts that plaintiff has waived its right to prejudgment interest inasmuch as it failed to present any evidence at trial regarding the average of the prime rate for the period of time at issue. However, the court notes that plaintiff made a demand for prejudgment interest in its complaint and it again raised the issue in its post-trial brief. See *Masterclean, Inc. v. Ohio Dept. of Admin. Servs.* (May 13, 1999), Franklin App. No. 98AP-727 (finding that plaintiff had not waived its right to prejudgment interest where the issue was properly raised in both the complaint and proposed findings of fact and conclusions of law). Thus, the claim for prejudgment interest has not been waived.

**{¶ 3}** At the evidentiary hearing, the court admitted, without objection, documents that were prepared by Cynthia Foy, Vice President of Commercial Lending at the North Side Bank and Trust Company, which show the history of the U.S. Prime Rate for all times relevant. (Plaintiff's Exhibits A and B.) In a letter contained in Plaintiff's Exhibit A, Foy explains that her bank uses the "Wall Street Journal U.S. Prime Rate" as the index found on most commercial loan transactions.

**{¶ 4}** A government contractor's money becomes due and payable when the contractor substantially completes its work on the project. *Royal Electric Const. Corp. v. The Ohio State University*, 73 Ohio St.3d 110, 117, 1995-Ohio-131. In the liability decision, the court determined that the money owed to plaintiff became due and payable on November 24, 2004, the date that the change order at issue was approved by defendant. (Liability Decision, Page 9.) Although defendant asserts that plaintiff's work on the project was not substantially completed by that date, the evidence clearly supports the court's determination. See Plaintiff's Exhibits 26, 28, and 29.

**{¶ 5}** Pursuant to R.C. 2743.18(A)(2), the court "may deny prejudgment interest for any period of undue delay between the commencement of the civil action and the entry of a judgment or determination against the state, for which it finds the claimant to have been responsible." Inasmuch as the average of the prime rate established at the commercial banks in the City of Cincinnati was ascertainable at the time of the trial, the court finds that plaintiff is not entitled to prejudgment interest beyond the date of the liability decision. Consequently, under *Royal Electric,* supra, plaintiff is entitled to prejudgment interest on the award of damages from November 24, 2004, to May 18, 2010, as follows:

$67,731.82      damages award  
       x  
2001 days  
       x  
   5.88%      (average of the monthly prime rates from November 24, 2004 to May 18, 2010)

$21,833.55     prejudgment interest

          +

<u>$67,731.82</u>

$89,565.37     Total Damages

{¶ 6} Accordingly, judgment is rendered in favor of plaintiff in the amount of $89,590.37 which includes the filing fee paid by plaintiff. Court costs are assessed against defendant. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____

CLARK B. WEAVER SR.

Judge

cc:

Barry A. Rudell
2368  Victory Parkway, Suite 200
P.O. Box 6491
Cincinnati, Ohio 45206

Gregory Mohar
Special Counsel to Attorney General
University of Cincinnati
650 University Pavilion
P.O. Box 210623
Cincinnati, Ohio 45221-0623

William C. Becker
Assistant Attorney General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

AMR/cmd
Filed September 2, 2010
To S.C. reporter September 14, 2010